**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>MR. LEADS, LLC DBA MR. LIVE TRANSFERS and FOUNDERS INSURANCE, LLC<br><br>        Defendants. | Case No. 26-cv-1340 |

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

**<u>Background</u>**

1.        Stewart Abramson ("Plaintiff") brings this class action against Mr. Leads, LLC dba Mr. Live Transfers, who the Plaintiff alleges made pre-recorded telemarketing calls made prerecorded telemarketing calls on behalf of Defendant Founders Insurance, LLC under federal common-law agency principles resulting in violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.        As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.     Plaintiff brings this action under the TCPA alleging that Defendants advertised insurance products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.     Plaintiff Stewart Abramson is a resident in this District.

7.     Defendant Mr. Leads, LLC dba Mr. Live Transfers is a company that engages in telemarketing, including for Founders Insurance, LLC.

8.     Defendant Founders Insurance, LLC is a Florida limited liability company.

## Jurisdiction & Venue

9.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     This Court has specific personal jurisdiction over Defendant because they sent calls into this District or otherwise benefitted from that conduct.

11.     Defendants' conduct caused harm to Plaintiff in Pennsylvania, including invasion of privacy and nuisance, and such harm was suffered in this District.

12.    Defendant's contacts with Pennsylvania were purposefully directed and arise out of or relate to the claims asserted in this action, as the calls giving rise to this lawsuit were made into Pennsylvania and resulted in further interactions tied to this forum.

13.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

### Factual Allegations

14.    Plaintiff's residential telephone number is (412) XXX-1201.

15.    Plaintiff's residential telephone number is a non-commercial telephone number not associated with any business.

16.    Plaintiff's residential telephone number is used for personal purposes.

17.    Plaintiff has never asked or requested to be a customer of Defendant.

18.    Despite that, Plaintiff received at least one prerecorded telemarketing call from Defendant Mr. Leads, LLC d/b/a Mr. Live Transfers advertising final expense insurance.

19.    The call was made to Plaintiff on March 30, 2026.

20.    The caller delivered messages to Plaintiff that were clearly artificial or prerecorded.

21.    For instance, the calls all played the following message:

> My name is Sophie. Your zip code in the state of Pennsylvania qualifies for a senior final expense program. It guarantees your family receives up to twenty-five thousand dollar tax free within days, so they're never stuck with funeral costs or unpaid bills.

22.    During the March 30, 2026 call, Plaintiff was transferred to licensed insurance agent Dominic Cranshaw, who marketed final expense insurance to Plaintiff through Defendant Founders Insurance, LLC.

3

23.    During Plaintiff's subsequent investigation, Plaintiff contacted the business associated with Mr. Cranshaw and was informed by an individual identifying himself as "Mike" Albishtawi that both he and Mr. Cranshaw worked for Defendant Founders Insurance, LLC.

24.    Plaintiff's investigation further confirmed that Mr. Cranshaw marketed and sold insurance products through Founders Insurance, LLC.

25.    During those communications, Mr. Cranshaw admitted that he purchased and obtained live-transfer telephone leads through the website www.mrliveleads.com. Mr. Cranshaw provided Plaintiff with documentation, including a partial recording that Mr. Cranshaw obtained from Defendant of the telemarketing call on March 30, 2026 where Plaintiff was transferred to Mr. Cranshaw, an invoice for the live-transfer telephone leads that Mr. Cranshaw purchased from Defendant, and billing records showing charges under the name "Mr. Live Transfers."

26.    Plaintiff's investigation further revealed that "Mr. Live Transfers" is operated by Mr. Leads, LLC, the defendant here.

27.    The foregoing facts demonstrate that the prerecorded telemarketing calls were made by Mr. Leads, LLC d/b/a Mr. Live Transfers.

28.    At all relevant times, Defendant Mr. Leads, LLC d/b/a Mr. Live Transfers marketed, solicited, qualified, and generated prospective customers for Defendant Founders Insurance, LLC through telemarketing campaigns, including campaigns utilizing artificial or prerecorded voice messages.

29.    The purpose of the prerecorded telemarketing campaign was to identify consumers interested in purchasing insurance products, pre-qualify those consumers, and transfer them to insurance agents affiliated with or acting for Founders Insurance, LLC so that insurance policies could be marketed and sold.

30. Plaintiff was in fact transferred from the prerecorded telemarketing call to a licensed insurance agent who marketed and sold an insurance policy through Founders Insurance, LLC. The transfer was not incidental but instead represented the intended objective of the prerecorded telemarketing campaign.

31. Based on this direct transfer, Founders Insurance, LLC authorized and knowingly accepted telemarketing leads generated through Defendant Mr. Leads, LLC d/b/a Mr. Live Transfers and compensated, directly or indirectly, those involved in generating or transferring such leads.

32. Similarly, Founders Insurance, LLC had the right to accept or reject transferred leads, established or approved the criteria for qualified transfers, and benefitted financially from insurance applications and policies generated through the prerecorded telemarketing campaign.

33. Founders Insurance, LLC knowingly accepted the benefits of the telemarketing campaign by accepting transferred consumers, marketing insurance products to those consumers, and issuing insurance policies resulting from those transfers, thereby ratifying the unlawful telemarketing conduct.

34. Founders Insurance, LLC knew or reasonably should have known the manner in which the telemarketing leads it accepted were being generated, including through prerecorded telemarketing calls, yet continued to accept and benefit from those leads.

**Class Action Statement**

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

5

36. Plaintiff brings this action on behalf of himself and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

37. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**Robocall Mr. Leads, LLC dba Mr. Live Transfers Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant Mr. Leads, LLC dba Mr. Live Transfers, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services (4) within the four years prior to the filing of the Complaint.

**Robocall Mr. Leads, LLC dba Mr. Live Transfers Founders Insurance Sub-Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant Mr. Leads, LLC dba Mr. Live Transfers, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services of Founders Insurance (4) within the four years prior to the filing of the Complaint.

38. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

39. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41. This Class Action Complaint seeks injunctive relief and money damages.

42. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

43. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

44. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

47. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendant' conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

48. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

49. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

50. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of Class

members, which will be ascertainable from records maintained by Defendant and/or their agents.

51.     The likelihood that individual members of the Class will prosecute separate

actions is remote due to the time and expense necessary to prosecute an individual case.

52.     Plaintiff is not aware of any litigation concerning this controversy already

commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

53.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set

forth herein.

54.     The foregoing acts and omissions of Defendants and/or their affiliates, agents,

and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with

an artificial and/or pre-recorded voice message to protected telephone numbers.

55.     The Defendants' violations were negligent, willful, or knowing.

56.     As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in

damages for each and every call made.

57.     Plaintiff and members of the Class are also entitled to and do seek injunctive

relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting

on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any

protected telephone number in the future.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 1, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

10